# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| DEBORAH TAYLOR<br><br>*Plaintiff*,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>*Defendant*. | Civil Action No. 3:25-cv-00060-S<br><br>**JURY REQUESTED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

1. Plaintiff Deborah Taylor files Plaintiff's First Amended Complaint complaining of Defendants State Farm Mutual Automobile Insurance Company.

## PARTIES

2. Plaintiff Deborah Taylor is resident of McKinney, Collin County, Texas.

3. Defendant State Farm Mutual Automobile Insurance Company is an insurance company licensed to do business in the State of Texas, and said corporation is engaged in writing insurance in Texas. Defendant State Farm Mutual Automobile Insurance Company has made an appearance before this court.

## JURISDICTION AND VENUE

4. The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

5. Venue of this case is proper in the Dallas Division of the Northern District of Texas because the collision made the basis of this suit occurred in Dallas County, Texas, located within the boundaries of the Dallas Division of the Northern District of Texas.

6. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## FACTS

7. This lawsuit arises of a motor vehicle collision that occurred on or about Thursday, December 01, 2022 at or near the intersection of North Central Expressway service road and Forest Lane, within the city limits of Dallas, Dallas County, Texas. Plaintiff Deborah Taylor, she was operating her vehicle southbound on North Central Expressway service road approaching the Forest Lane traffic light but was stopped due to traffic. Angela McKenzie, an underinsured motorist, was operating her vehicle behind Plaintiff's vehicle in the same lane and headed in the same direction. Angela McKenzie failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

8. At the time in question, Deborah Taylor, was acting in a reasonable and prudent manner when Angela McKenzie, an underinsured motorist, committed a number of acts of negligence during the operation and use of a motor vehicle,

which served as a proximate cause of the motor vehicle collision and injuries complained of herein. Angela McKenzie's acts of negligence were as follows:

- a) Angela McKenzie failed to keep such proper lookout and attention to the roadway as a person of ordinary prudence would have kept under the same or similar circumstances;

- b) Angela McKenzie failed to control the speed of her vehicle;

- c) Angela McKenzie failed to keep an assured safe distance from Plaintiff's vehicle;

- d) Angela McKenzie failed to timely apply the brakes of her vehicle in order to avoid the collision in question;

- e) Angela McKenzie failed to turn her vehicle in an effort to avoid the collision; and

- f) Angela McKenzie failed to have or apply all of her mental faculties because she was distracted by cell phone usage.

10. Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

11. At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant State Farm Mutual Automobile Insurance Company, Policy No. 4828449B1043B, which insured Plaintiff in the event she was damaged or injured by the negligence of an underinsured motorist. Plaintiff has complied with all the terms and conditions of the policy prior to bringing this action. Plaintiff would show that at the time of trial of this matter she will offer into evidence a copy of said policy, unless the original of the same is produced by Defendant State Farm Mutual Automobile Insurance Company, at said trial. In this regard,

Plaintiff would show that Angela McKenzie was in fact an underinsured motorist as defined by law and the policy in question.

12. Plaintiff presented her claim for underinsured motorist benefits under the contract of insurance with State Farm Mutual Automobile Insurance Company. Plaintiff pleads that all conditions precedent to filing suit have been complied with, including the statutory notice provision.

13. Plaintiff asserts her claim under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have her rights, status, and other legal relationships under the Insurance Policy they purchased from Defendant State Farm Mutual Automobile Insurance Company established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

    a) The negligence of Angela McKenzie in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

        a. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

        b. Plaintiff's future medical expenses;

        c. Plaintiff's lost wages in the past and loss of earning capacity in the future;

        d. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

        e. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

        f. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury; and

      g.    Plaintiff's physical impairment in the past and future in an amount to be determined by the jury.

  b)  Plaintiff's claim for underinsured motorist benefits under Policy Number 4828449B1043B, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on December 01, 2022, is covered under the Insurance Policy.

  c)  Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that she is entitled to recover from Defendant State Farm Mutual Automobile Insurance Company after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

      a.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

      b.    Plaintiff's future medical expenses;

      c.    Plaintiff's lost wages in the past and loss of earning capacity in the future;

      d.    Plaintiff's property damage and loss of use of Plaintiff's vehicle;

      e.    Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

      f.    Plaintiff's mental anguish in the past and future in an amount to be determined by the jury; and

      g.    Plaintiff's physical impairment in the past and future in an amount to be determined by the jury.

14.    Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are

equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

    a.    For preparation and trial;

    b.    For an appeal to the Court of Appeals;

    c.    For making or responding to an application for writ of error to the Supreme Court of Texas; and

    d.    If application for writ of error is granted by the Supreme Court of Texas.

15.    Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that her injuries and damages fall within the coverage of the Insurance Policy issued by Defendant State Farm Mutual Automobile Insurance Company and for a declaration of their rights to such benefits and judgment against Defendants State Farm Mutual Automobile Insurance Company.

16.    Plaintiff asserts claims under Texas Civil Practice and Remedies Code 37.001, *et seq.* to have his rights, status, and other legal relationships under the Insurance Policy he purchased from Defendant State Farm Mutual Automobile Insurance Company, established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

A.    The negligence of Angela McKenzie in that automobile wreck was the proximate cause of bodily injuries and damages to Plaintiff, which injuries include the following:

    1.    Reasonable and necessary health care expenses incurred in the past;

    2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

    3.     Lost wages in the past and loss of earning capacity in the future;

    4.     Property damage and loss of use of Plaintiff's vehicle;

    5.     Physical pain and suffering in the past;

    6.     Physical pain and suffering which, in all reasonable probability, will be endured in the future;

    7.     Mental anguish suffered in the past;

    8.     Mental anguish which, in all reasonable probability, will be suffered in the future;

    9.     Physical impairment suffered in the past; and

    10.     Physical impairment which, in all reasonable probability, will be suffered in the future.

B.     Plaintiff claim for underinsured motorist benefits under Policy No. 4828449B1043B, (hereafter the "Insurance Policy") as a result of a car wreck that occurred on December 01, 2022 is covered under the Insurance Policy;

C.     Plaintiff also seeks a declaration determining the amount of underinsured motorist benefits that she is entitled to recover from Defendant State Farm Mutual Automobile Insurance Company, after all applicable set-offs and credits, for each of the following elements of damages covered under the Insurance Policy:

    1.     Reasonable and necessary health care expenses incurred in the past;

    2.     Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

    3.      Lost wages in the past and loss of earning capacity in the future;

    4.      Property damage and loss of use of Plaintiff's vehicle;

    5.      Physical pain and suffering in the past;

    6.      Physical pain and suffering which, in all reasonable probability, will be endured in the future;

    7.      Mental anguish suffered in the past;

    8.      Mental anguish which, in all reasonable probability, will be suffered in the future;

    9.      Physical impairment suffered in the past; and

    10.     Physical impairment which, in all reasonable probability, will be suffered in the future.

17.     Pursuant to §37.009 of the Texas Civil Practice and Remedies Code, Plaintiff seeks all costs and reasonable and necessary attorneys' fees, as are equitable and just, which are incurred or which may be incurred in this matter including all such fees and expenses:

    a.      For preparation and trial;

    b.      For an appeal to the Court of Appeals;

    c.      For making or responding to an application for writ of error to the Supreme Court of Texas; and

    d.      If application for writ of error is granted by the Supreme Court of Texas.

18.     Plaintiff now asks the Court, pursuant to the Texas Declaratory Judgments Act §37.001 *et. seq.*, for a declaration that his injuries and damages fall within the coverage of the Insurance Policy issued by Defendant State Farm Mutual

Automobile Insurance Company and for a declaration of his rights to such benefits and judgment against Defendant.

## DAMAGES

19.   Plaintiff alleges that as a direct and proximate result of the conduct and negligent acts and omissions of the underinsured motorist, Plaintiff is entitled to recover at least the following damages from Defendant State Farm Mutual Automobile Insurance Company:

    a.    Reasonable and necessary health care expenses incurred in the past;

    b.    Reasonable and necessary health care expenses, which in all reasonable probability, will be incurred in the future;

    c.    Lost wages in the past and loss of earning capacity in the future;

    d.    Property damage and loss of use of Plaintiff's vehicle;

    e.    Physical pain and suffering in the past;

    f.    Physical pain and suffering which, in all reasonable probability, will be endured in the future;

    g.    Mental anguish suffered in the past;

    h.    Mental anguish which, in all reasonable probability, will be suffered in the future;

    i.    Physical impairment suffered in the past; and

    j.    Physical impairment which, in all reasonable probability, will be suffered in the future.

## INTEREST

20.   Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## U.S. LIFE TABLES

21. Notice is hereby given to the Defendant that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## PRAYER

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recovers judgment against Defendants for:

    a. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

    b. Plaintiff's future medical expenses;

    c. Plaintiff's lost wages in the past and loss of earning capacity in the future;

    d. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

    e. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

    f. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

    g. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

    h. Interest on the judgment at the legal rate from the date of judgment;

    i. Pre-judgment interest on Plaintiff's damages as allowed by law;

    j. All costs of court; and

    k. Such other and further relief to which Plaintiff may be justly entitled.

>Respectfully submitted,
>
>**WITHERITE LAW GROUP, PLLC**
>
>BY: */s/ Miguel Cazarez*
>    **MIGUEL CAZAREZ**
>    State Bar No. 24104337
>    miguel.cazarez@witheritelaw.com
>    10440 N. Central Expressway, Suite 400
>    Dallas, TX 75231
>    (214) 935-2726
>    (214) 935-2726 (fax)
>
>**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served to counsel of record through the Court's ECF system on this 6th day of March, 2025.

>*/s/ Miguel Cazarez*
>**MIGUEL CAZAREZ**

John W. Stilwell
LAW OFFICE OF JOHN STILWELL, PLLC
6213 Chapel Hill Blvd., Suite B
Plano, Texas 75093